UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IBEW-NECA SOUTHWESTERN HEALTH AND BENEFIT FUND, and its Trustees § § § Plaintiff § v. § § § G & M ELECTRIC, INC., § § Defendant, § § | § § § § § § § § § § § § § | CIVIL ACTION NO. 3: 08-CV-0384-B |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Final Judgment (doc. 6). While it is not labeled as such, the Court construes this motion as a Motion for Default Judgment based on (1) the statement in the Motion that "By default, Defendant is liable to Plaintiff for the damages set forth herein" and (2) the Request for Clerk's Entry of Default (doc. 5) that was filed the same day as this Motion. Securing a default judgment is essentially a three-step procedure. As explained by the Fifth Circuit:

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

*New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original). Plaintiff requested an entry of default; however, the Clerk did not enter default because Plaintiff has not filed a valid return of service. Because Plaintiff has not established a default and has not obtained an entry of default, the Court finds that Plaintiff is not entitled to a default judgment. Accordingly, Plaintiff's Motion for Final Judgment is **DENIED WITHOUT PREJUDICE**.

1

SO ORDERED.

SIGNED April 24, 2008

                                                  _____
                                                  JANE J. BOYLE
                                                  UNITED STATES DISTRICT JUDGE